IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:  
Lawrence C. Greene, and  
Tenashes S. Greene,  
   *Debtors*.

Case No.: 18-4706-JCO  
Chapter 7

MEMORANDUM OPINION AND ORDER

This matter came before the Court for a hearing on January 29, 2019, on Debtors' Motion to Avoid Judicial Lien. (Doc. 12). Counsel for the Debtor, Francis Hollinger was present. Having considered the relief requested in the Motion, the record as a whole, in addition to the relevant case law, this Court finds that the Motion is due to be DENIED at this time for the following reasons.

JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has authority to enter a final order.

FACTS AND PROCEDURAL HISTORY

Debtors filed their chapter 7 petition for relief jointly on November 19, 2018. The Debtors' Schedule A/B: Property indicates that Debtor 1, Lawrence C. Greene, owns real property described as 15636 Medway Court, Foley, Alabama valued at $170,000.00. (Doc. 1 at 16). The Debtors' Schedule D indicates that there is a secured claim on the real property in the amount of $139,124.43. The Debtors' Schedule C claims a homestead exemption of $15,500.00 pursuant to section 6-10-2 of the Alabama Code.

On December 10, 2018, Debtors filed the present Motion to Avoid Judicial Lien. The Motion, pursuant to 11 U.S.C. 522(f), seeks to avoid the pre-petition judicial lien of Keesler Federal Credit Union in the amount of $22,096.73 on the grounds that the lien impairs the exemptions that Debtors are entitled to claim on their homestead under Alabama law. For the following reasons, the Motion is due to be and hereby is DENIED.

## CONCLUSIONS OF LAW

Property rights in the assets of a bankrupt's estate are created and defined by state law. *Butner v. U.S.,* 440 U.S. 48, 54-5 (1979). The property at issue is located in Alabama, therefore, Alabama law applies as it relates to Debtors' property interests in this chapter 7 case.

Section 6-10-2 of the Alabama Code permits every Alabama resident an exemption not to exceed $15,000[1] in their homestead. Alabama law also permits a husband and wife who jointly own a homestead to stack their exemptions so that each may claim separately the statutory exemption. *See* Ala. Code 6-10-2.

Section 522(f)(1)(A) permits a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such line impairs an exemption to which the debtor would have been entitled . . . if such lien is a judicial lien, other than a judicial lien that secures a debt of a kind specified in section 523(a)(5)." In order to determine if a judicial lien is avoidable, a court must determine if the value of the debtor's interest in the property exceeds the exemption, such that the judicial lien would remain a valid charge against the nonexempt portion of the equity. If there is equity above the exemption amount, then the lien does not impair the debtor's exemptions and it may not be avoided under § 522(f).

---

[1] Section 6-10-12 of the Alabama Code indexes the exemption amounts to increase every three years starting in April of 2018. *See In re Middleton,* 544 B.R. 449 (Bankr. S.D. Ala. 2016).

To determine if the lien impairs the debtor's exemptions, the statutory § 522(f)(2)(A) equity calculation must be conducted. Subsection (f)(2)(A) states that a lien impairs a debtor's exemptions if the sum of the lien sought to be avoided, considering all other liens on the property and the amount of the exemption the debtor could claim, exceeds the value of the debtor's interest in the property .

Here, Debtors seek to avoid the judicial lien of Keesler Federal Credit Union in the amount of $22,096.73. Debtors filed their joint petition, indicating that Lawrence C. Greene is the sole owner of the homestead. Because only Mr. Greene owns the property, only one exemption may be claimed in the total amount of $15,500.00. *In re Lott,* 306 B.R. 366, 366 (Bankr. S.D. Ala. 2002)(the inchoate interest of a spouse who is not a fee owner is not protected by the Alabama exemption statute and no exemption can be claimed by the non-fee-owner spouse).

Debtors' property is valued at $170,000.00 with a secured claim against the property in the amount of $139,124.43. Pursuant to § 522(f)(2)(A), the sum of the lien sought to be avoided ($22,096.73), considering the other liens on the property ($139,124.43), plus the exemption amount ($15,500.00) is less than the value of the Debtors' remaining interest in the property, resulting in an equity cushion of $15,375.57. That amount is nonexempt and thus, the judicial lien would remain a valid charge against this nonexempt portion. Therefore, the judicial lien of Keesler Federal Credit Union may not be avoided because it does not impair the Debtors' homestead exemptions under Alabama law.

Had both Debtors been fee owners of the property, a total exemption amount of $31,000.00 could have been claimed diminishing the equity cushion to which Keesler's judicial lien could attach, and the lien could have been avoided pursuant to § 522(f)(2).

## CONCLUSION

For the foregoing reasons, this Court finds that in order for joint debtors to stack their homestead exemption under Alabama law, both debtors must be fee owners of the homestead. If only one debtor in a joint case is the fee owner of the homestead, only one exemption may be claimed. Therefore, Debtors' Motion to Avoid Judicial Lien of Keesler Federal Credit Union is due to be and hereby is DENIED.

Dated: February 4, 2019

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE